```
UNITED STATES DISTRICT COURT                                    FILED
EASTERN DISTRICT OF NEW YORK                                 JAN 2 0 2009

                                                         BROOKLYN OFFICE
UNITED STATES OF AMERICA,       )
                                )       08-cr-76
           v.                   )
                                )       Statement of Reasons Pursuant to
                                )       18 U.S.C. § 3553(c)(2)
ANTHONY GIAMMARINO              )
                                )
           Defendant.           )
                                )
```

**JACK B. WEINSTEIN, Senior District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines have been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On May 28, 2008, Anthony Giammarino pled guilty to count twenty-nine of an eighty-count superseding indictment. Count twenty-nine charged that between September 2005 and January 2008, the defendant, together with others, conducted, financed, managed, supervised, directed and owned all or part of an illegal gambling business involving bookmaking, which violated New York Penal Law sections 225.05, 225.10, and 225.20, and which involved five or more persons and remained in substantially continuous operation for more than thirty days and had a gross revenue of at least $2,000 in any single day, in violation of 18 U.S.C. § 1955(a).

Giammarino was sentenced on November 26, 2008. Any open counts against him were dismissed upon motion by the government. The proceeding was also videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be seven and defendant's criminal history category to be I, yielding a guidelines range of imprisonment of between zero and six months. The guidelines range of fine was from $500 to $5,000. The offense carried a maximum term of imprisonment of five years. See 18 U.S.C. § 1955(a).

Giammarino was sentenced to two years probation and 250 hours of community service. A $100 special assessment, payable forthwith, was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. The court encouraged the defendant to obtain employment while on probation.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

2

sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious: the defendant acted as a "sheetholder" for an illegal bookmaking operation controlled by an organized crime family. A sentence of two years probation reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that illegal mafia-related activity will not be tolerated by the law. Specific deterrence is achieved by a sentence of probation here because it is unlikely the defendant will engage in further criminal activity after facing the consequences of this conviction.

Jack B. Weinstein
Senior United States District Judge

Dated: December 8, 2008
Brooklyn, New York